# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 09-289


LISHA M. MCRAE

VERSUS

MARK MCRAE


\*\*\*\*\*\*\*\*\*\*


APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, NO. 198,304
HONORABLE GEORGE C. METOYER, JR., DISTRICT JUDGE


\*\*\*\*\*\*\*\*\*\*


## MARC T. AMY
## JUDGE


\*\*\*\*\*\*\*\*\*\*


Court composed of Ulysses Gene Thibodeaux, Chief Judge, Marc T. Amy, and Shannon J. Gremillion, Judges.

**REVERSED AND REMANDED.**

Gremillion, J., concurs and assigns written reasons.


Henry H. Lemoine, Jr.
Lemoine & Wampler
607 Main Street
Pineville, LA 71360
(318) 473-4220
COUNSEL FOR PLAINTIFF/APPELLANT:
    Lisha M. McRae

Mark McRae
2106 Nolan Trace
Leesville, LA 71446
COUNSEL FOR DEFENDANT/APPELLEE:
    In Proper Person

AMY, Judge.

The plaintiff alleged that the defendant owed child support payments for the summer months of 2002 through 2008. The defendant asserted that the support judgment, as modified, did not include support for these months. The trial court found in favor of the defendant. The plaintiff appeals. We reverse and remand with instructions.

## Factual and Procedural Background

The plaintiff, Lisha McCurry Vanderlick (formerly McRae), and the defendant, Mark McRae, were divorced in 1992. One child was born of the marriage. In the initial implementation plan for joint custody of the child, signed by the trial court in February 1992, the plaintiff was designated the domiciliary parent. The order awarded the defendant designated periods of physical custody. As for the summer, the defendant was provided with six weeks of physical custody during the child's school vacation. The order provided that: "Any child support payments shall be suspended during the summer visitation." Support of $700.00 per month was ordered.

In December 1997, the custody plan was amended. The amended judgment included a change in the summer physical custody schedule to provide that the minor child:

> [S]hall reside with her father during June of each year and with her mother during July of each year. The child will spend the second (2nd) weekend of each of those months with the non-custodial parent. Additionally[,] the father will have visitation in August for five (5) consecutive days in August of each year, to include a Saturday and Sunday, prior to the beginning of the school year.

As for support of the child, the amended judgment again required the defendant to pay $700.00 per month. It stated that: "The child support payment by MARK MCRAE for the month of June is suspended."

The summer schedule was once again amended by an August 2003 order, which provided for shared physical custody throughout the summer as follows:

> The summer visitation schedule will be amended to give to McRae visitation in the following manner:

> He will have visitation for the first two weeks of June and July and the first ten (10) days of August. He will be allowed to pick up the child at 6:00 P.M. on the day preceding the first of each month. The only exception to this will be if the exercise of this visitation interferes with the child's normal school schedule. There will be no weekend visitation for Vanderlick during these summer visitations. For clarity's sake, a week is considered a seven (7) day period for purposes of this ruling.

The order provided that "[a]ll other provisions of the previous implementation not otherwise amended herein shall remain in effect as written."

After a period of litigation concerning the appropriate venue for further proceedings, the trial court increased the defendant's support in October 2003. The judgment stated that "the child support previously set herein in September of 1992, is increased to $1,350.00 per month, effective from the date of the filing of this rule, November 3, 2001[.]" The plaintiff sought to make the judgment executory in January 2003. As a result, the trial court entered an executory judgment in May 2004, reflecting a total of $12,903.17 in unpaid child support payments and interest. A judgment of satisfaction was later entered.

The ruling now under review stems from the plaintiff's September 2008 Rule for Contempt of Court. She referenced the October 2003 order in which the defendant's support obligation was increased to $1,350.00 per month and alleged that the defendant failed to pay support for the months of June, July, and August in the years 2002 through 2008. She argued that, because the most recent judgment does not address suspension of the support during the summer months, it was owed by the

2

defendant. In response, the defendant argued that the October 2003 judgment only changed the amount of support and left the pre-existing provisions for suspension of support for summer visitation unchanged. At the hearing on the rule, he confirmed that he "prorated" the support "during the period of time when the child was with [him]."[1]

The trial court found in favor of the defendant, concluding that the only area changed in the October 2003 judgment was the amount of support. It explained that "the suspension of the child support as stated by prior judgments remains in force and effect." It denied the plaintiff's request for a finding of contempt and for a finding of an arrearage.

The plaintiff appeals, assigning the following as error: "The trial court erred in holding that a subsequent judgment did not supersede preceding judgments resulting in an erroneous finding that the defendant is not in arrears."

**Discussion**

The plaintiff argues that the October 2003 judgment superseded the previous judgments providing for a suspension of the support obligation during summer months. Thus, due to the defendant's failure to pay support during June, July, and August from 2002 to 2008, she seeks a determination that the defendant owes $12,646.00 in back child support.

As observed by the trial court, the October 2003 judgment related solely to the amount of support. It did not alter or amend the previous orders relating to the

---

[1] The rule for contempt listed the amounts paid by the defendant for the months June, July, and August for the years 2002 through 2008. During his testimony, the defendant confirmed that the listing accurately reflected the amounts that he paid. The petition indicates that the defendant paid $675 in June 2002 through 2008. It also reflects that the defendant paid $675 of the $1350 due for July 2002 through 2008, that he paid $891 of the $1350 due for August 2002 through 2007, and that he paid $918 of the $1350 due for August 2008.

summer schedule of physical custody.[2]  The trial court ordered that the previous judgments remained in effect, denying the plaintiff's claim for relief.  Although the trial court correctly determined that the October 2003 judgment only related to the amount of support and, therefore, did not supersede the previous suspension of summer support payments, it erroneously denied the plaintiff's claim for the July and August payments.

The original 1992 implementation plan generally suspended the defendant's support obligation during his period of summer visitation.  However, the December 1997 amended judgment changed that designation, providing for the suspension of support for the month of June.  This suspension was limited to June, despite the fact that the defendant was also given physical custody of the minor child during a portion of August.  Thereafter, the August 2003 amendment changed the custody schedule, but retained other provisions of the previous implementation.  Thus, the suspension of support for June remained in effect.

In short, the trial court correctly determined that the defendant was not required to provide support for the month of June.  It erred, however, in failing to recognize that the series of judgments required the defendant to provide support in July and

---

[2]  The judgment provides only that:

> This matter came on for hearing on August 18, 2003, on Mover's Motion to Modify Child Support.  Considering the pleadings, the documentary evidence, and the testimony, the Court finds in favor of mover and;
>
> IT IS ORDERED, ADJUDGED, and DECREED that the child support previously set herein in September of 1992, is increased to $1,350.00 per month, effective from the date of the filing of this rule, November 13, 2001; and
>
> IT IS FURTHER ORDERED, ADJUDGED, and DECREED that the Respondent, MARK MCRAE, is ordered to pay all costs of court.
>
> JUDGMENT RENDERED by Written Reasons on October 14, 2003, and SIGNED in Open Court on the 29th day of October, 2003.

4

August.  In light of this determination, we remand this matter to the trial court for determination as to the amount of the arrearage and for the entry of the related judgment.

## DECREE

For the foregoing reasons, the trial court's judgment is reversed insofar as it did not order the appellee, Mark McRae, to pay child support for the months of July and August for the years 2002 to 2008.  We remand this matter to the trial court to determine the arrearage and amend the judgment accordingly.  Costs of this proceeding are assessed equally between the appellant and the appellee.

**REVERSED AND REMANDED.**

**09-289**

**LISHA M. MCRAE**

**VERSUS**

**MARK MCRAE**


**GREMILLION, Judge, concurs.**

I would reverse and render judgment as to the amount in which Mr. McRae is in arrears because the amount can be determined from the record.

1